**PPG INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant,**

**and**

**Asahi Glass Co., Ltd., Central Glass Co., Ltd., Nippon Sheet Glass Co., Ltd., Intervenors–Defendants.**

**Court No. 82–05–00635.**

United States Court of
International Trade.

Dec. 29, 1988.

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart and David A. Hirsh), Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C. (Velta A. Melnbrencis, New York City), for defendant.

Tanaka Walders & Ritger, (H. William Tanaka, Lawrence R. Walders and Patrick F. O'Leary), Washington, D.C., for intervenors-defendants.

### Memorandum & Order

AQUILINO, Judge:

In this action challenging a determination of the International Trade Administration, U.S. Department of Commerce ("ITA") *sub nom. Clear Sheet Glass from Japan; Final Results of Administrative Review and Revocation of Antidumping Finding,* 47 Fed.Reg. 14,506 (April 5, 1982), plaintiff's motion for judgment upon the agency record pursuant to CIT Rule 56.1 has been reassigned to the undersigned for decision.

That motion points to a finding by the Secretary of the Treasury under the Antidumping Act of 1921 that clear sheet glass from Japan was being, or was likely to be, sold at less than fair value. *See Clear Sheet Glass from Japan,* 36 Fed.Reg. 9,010 (May 18, 1971). Thereafter, Treasury published a tentative determination to revoke the dumping finding. *See* 42 Fed. Reg. 8,740 (Feb. 11, 1977). The reasons given for this proposition were that the respondents had not sold their products at less than fair value for a period of two years from the date of the finding and that they had submitted written assurances that future sales of clear sheet glass to the United States would not be made at less than fair value.

The petitioner (plaintiff herein) thereupon requested a hearing with Treasury, at which it sought to dissuade the Secretary from revocation of his original finding. Before any action was taken one way or the other, the Trade Agreements Act of 1979 became effective, thereby transferring responsibility for administration of the antidumping law from Treasury to the ITA, which published notice of an administrative review of the original order, as required by the act, 19 U.S.C. § 1675(a)(1). The preliminary results of this review were:

> As a result of our comparison ... of foreign market value, we preliminarily determine that only *de minimis* margins exist on some shipments from Central Glass Co., Ltd. and no margins exist for the other exporters. Therefore we determine that no dumping margine [*sic*] exist for the period January 1, 1975, through February 11, 1977.

*Clear Sheet Glass from Japan; Administrative Review of Antidumping Finding and Tentative Determination to Revoke,* 46 Fed.Reg. 33,064, 33,065 (June 26, 1981). This tentative determination to revoke also stated that, in compliance with 19 C.F.R. § 353.54(e), the three named firms had agreed in writing to an immediate suspension of liquidation and reinstatement of the antidumping-duty order if an indication of sales at less than fair value were to develop. Interested parties were offered an opportunity to be heard.

At the hearing, the petitioner took the position, among others, that the ITA was obligated to review the entire period from the date of the antidumping finding to the time of the latest available sales information to justify revocation. The agency disagreed, stating:

> The Treasury ... reviewed all periods from the date of the finding through December 31, 1974, and the Department does not intend to reevaluate these results. The Department's present review

of the January 1, 1975 through February 11, 1977 period fulfills the legal requirements for revocation.

Further, the Department believes that section 353.54(a) of the Commerce Regulations gives the Secretary sufficiently broad discretion to determine whether to revoke an antidumping finding. Section 353.54(b), which requires that two years of no sales at less than fair value be demonstrated, does not require that the two year period immediately precede publication of the notice of proposed revocation. Finally the Department is satisfied that there is no present likelihood [*sic*] of resumption of less than fair value sales.[1]

This response of the ITA thus gives rise to the same issue just decided by this court in *PPG Industries, Inc. v. United States*, 12 CIT ——, 702 F.Supp. 914, (1988), namely, whether it was an abuse of discretion not to review data as of the time of the determination to revoke. *Freeport Minerals Co. v. United States*, 776 F.2d 1029

(Fed.Cir.1985), and other, later decisions have held that it is. Hence, as was the case in slip op. 88–174, that part of plaintiff's motion for judgment upon the agency record which seeks to set aside the ITA's April 5, 1982 final results of its administrative review and revocation of the antidumping finding as to clear sheet glass from Japan should be, and it hereby is, granted, and the matter is remanded to the ITA [2] for further review in accordance with the law discussed therein.

In view of the time that has passed, however, the parties are to confer and propose to the court on or before January 31, 1989 a schedule for such further review.

So ordered.

---

**1.** 47 Fed.Reg. 14,506. The ITA also rejected petitioner's other points and issued its revocation cited above, page 918, which is the basis of this action.

**2.** The court notes in passing that the defendant itself in this action takes the position that remand is called for, albeit on the other points raised by the plaintiff. *See generally* Defendant's Partial Opposition to Plaintiff's Motion for Review of Administrative Determination upon Agency Record and Request for a Remand of the Case; and the accompanying memorandum of law.